

# THE ATTORNEY GENERAL
# OF TEXAS

May 18, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Randall L. Sherrod
Criminal District Attorney
Randall County
501 16th Street
Canyon, Texas 79015

Opinion No. JM-905

Re: Whether a Justice of the Peace must collect a $75 fee at the time a defendant's fine is deferred under article 45.54 of the Texas Code of Criminal Procedure, and related questions (RQ-1387)

Dear Mr. Sherrod:

You ask:

(1) Must a justice court collect a fee of $75 pursuant to art. 6701h, Section 1C(b) V.A.T.S., at the time payment of a criminal defendant's fine is deferred under article 45.54 of the Texas Code of Criminal Procedure?

(2) May a justice court use monies collected by it under article 6701h, Section 1C(e) V.A.T.S., in the same manner that a prosecutor's office uses funds collected by it under article 53.08 V.A.C.C.P.?

Section 1C(b) of article 6701h, V.T.C.S., provides

In addition to the fine levied under Subsection (a) of this section, a person convicted of a violation of that subsection shall pay a sum of Seventy-five Dollars ($75) as costs of court to be collected in addition to other taxable court costs at the same time and in the same manner as fines and other court costs.

Article 45.54 of the Code of Criminal Procedure provides in pertinent part:

> (1) Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, V.T.C.S.), the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.
>
> . . .
>
> (3) At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice may dismiss the complaint. Otherwise, the justice may reduce the fine assessed or may then impose the fine assessed. If the complaint is dismissed, a special expense not to exceed the amount of the fine assessed may be imposed.

In Attorney General Opinion JM-526 (1986), it was concluded that in an article 45.54 proceeding the court costs are payable at the time of conviction rather than at the end of the deferral period when the complaint is dismissed. The opinion noted that an exception to that rule was the "special expense" cost that section 3 authorizes "if the complaint by express terms of the statute is dismissed."

A person must be convicted before article 45.54 is applicable. A violation under 6701h is a finable violation subject to the deferral of fine provisions of article 45.54. Article 6701h provides for the collection of a fee of $75.00 at the time a person is convicted. There is no provision for deferral of costs under article 45.54. Hence, costs are collectable upon conviction.

In your second question you ask whether a justice court may use fees collected under subsection (e), section 1C of article 6701h in the same manner that a prosecutor's office is authorized to use funds collected under former article

53.08 of the Code of Criminal Procedure.[1] Former article 653.08 of the Code of Criminal Procedure was repealed by Acts 1987, 70th Leg., ch. 167, §4.01(b). The former statute's provisions are now located at article 102.007 of the Code of Criminal Procedure.

Subsection (e) of section 1C of article 6701h authorizes the assessment of a fee at the time of dismissal of proceedings. Subsection (e) states:

> The court shall require payment of a Ten Dollar ($10) fee before dismissing proceedings under Subsection (a) of this section. The fee collected by a municipal court under this subsection shall be deposited in the municipal treasury. The fee collected by another court under this subsection shall be deposited in the county treasury of the county in which the court collecting the fee is located. Money deposited under this subsection _may be used by the court that collected the money to defray expenses incurred in administering this section_. (Emphasis added.)

Article 102.007 (former article 53.08) authorizes a county attorney, district attorney, or criminal district attorney to collect a fee if his office processes a hot check under certain circumstances. The statute further provides that

> (e) Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole

---

1. The 66th Legislature in 1979 enacted two different statutes which were both codified as article 53.08 of the Code of Criminal Procedure. Acts 1979, 66th Leg., ch. 604, §2 at 1335; Acts 1979, 66th Leg., ch. 734, §1 at 1802. These two statutes have since been repealed and their texts reenacted as sections 102.006 and 102.007 of the Code of Criminal Procedure. Your question concerns the statute which is now section 102.007 of the Code of Criminal Procedure.

discretion of the attorney, and may be used only to defray the salaries and expenses of the prosecutor's office. . . .

In Attorney General Opinion JM-738 (1987) the matter of the expenditure of fees collected under this article was discussed. In Attorney General Opinion JM-738 it was stated:

This statute creates a special fund which is in the county treasury, but which is segregated from other county funds and earmarked for a specific purpose. More importantly, the statute states that the fund is to be administered by county attorneys, district attorneys, and criminal district attorneys, and that, within the limits set out therein, expenditures from the fund are to be made at their sole discretion. (Emphasis added.)

Fees collected under article 102.007 (former article 53.08) may be expended at the discretion of the designated prosecutors to defray the salaries and expenses of that office. Attorney General Opinion JM-738. Expenditure of fees collected by the justice court under subsection (e) of section 1C of article 6701h are limited by the express terms of the statute to defraying "expenses incurred in administering this section."

## S U M M A R Y

Article 45.54 of the Code of Criminal Procedure makes no provision for deferral of court costs and the $75.00 costs of court authorized by section 1C(b) of article 6701h, V.T.C.S. are to be collected upon conviction. Expenditure of fees collected under subsection (e) of section 1C of article 6701h may be expended by the court that collected the money solely to "defray expenses incurred in administering this section [failure to maintain financial responsibility]."

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General